IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CHRISTINA JORDAN, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:17-cv-94 |
| 1ST TEXAS HOME HEALTH OF SAN ANGELO, INC. d/b/a ANGELS CARE HOME HEALTH OF SAN ANGELO, | § § § § | JURY TRIAL DEMANDED FLSA COLLECTIVE ACTION |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Christina Jordan ("Plaintiff"), on behalf of herself and all other similarly situated employees, files this Complaint against 1st Texas Home Health of San Angelo, Inc. d/b/a Angels Care Home Health of San Angelo ( "Home Health" or "Defendant"), showing in support as follows:

### I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 during each seven day workweek of Plaintiff's employment with Defendant.

2. Plaintiff performed home health support work for Defendant. Defendant is a home health care provider operating in and around Taylor County, Texas.

3. Plaintiff regularly worked in excess of 40 hours per workweek. Plaintiff was generally paid on an hourly rate basis. While Defendant did, at times, pay Plaintiff time and one-

half her regular rate of pay for hours worked over 40 in a workweek, it had a practice and/or policy to also treat some hours worked over 40 in a workweek as so-called compensatory time where Plaintiff was told she would get paid time off which corresponded to her overtime hours worked (hereafter "comp time"). However, Defendant is not a governmental entity, and cannot provide comp time in lieu of monetary payment of all overtime hours worked at a rate of time and one-half Plaintiffs' regular rate of pay. Defendant's comp time practice and/or policy violates the FLSA (hereafter the "Comp Time Claims").

4. Additionally, Defendant had a practice and/or policy of deducting and/or having employees deduct time each day for an uncompensated meal break even though Plaintiff regularly did not have a bona fide meal break which would be non-compensable under the FLSA. Defendant knew and/or had reason to believe that Plaintiff was performing work and/or was subject to the continuous workday rule when that time for non-bona fide meal break was not paid. As Plaintiff regularly worked 40 or more hours per workweek, that non-bona fide meal break time deduction practice and/or policy resulted in Plaintiff not being paid all overtime wages owed pursuant to the FLSA (hereafter the "Non-Bona Fide Meal Deduction Claims").

5. Plaintiff files this lawsuit individually and as a FLSA collective action on behalf of all other similarly situated individuals who are/were employed by Defendant as home health workers and/or home health support staff, are/were paid an hourly rate of pay, and like Plaintiff, are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward due to Defendant's practices and/or policies relative to Comp Time Claims and/or Non-Bona Fide Meal Deduction Claims.

6. Plaintiff and the collective action members seek all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES, JURISDICTION AND VENUE

### A. Plaintiff Christina Jordan

7. Plaintiff is a natural person who resides in Abilene, Taylor County, Texas. She has standing to file this lawsuit.

8. Plaintiff was employed by Defendant as an hourly paid home health support worker.

9. Plaintiff is a current employee of Defendant, and her dates of employment with Defendant are approximately January 4, 2017 to present.

10. By filing this lawsuit, Plaintiff consents to be a party plaintiff seeking damages under the FLSA in this lawsuit pursuant to 29 U.S.C. §216(b).

### B. Collective Action Members

11. The putative collective action members are all current and/or former hourly paid home health workers and/or home health support staff, who, like Plaintiff, are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward due to Defendant's practices and/or policies relative to the Comp Time Claims and/or Non-Bona Fide Meal Deduction Claims made the basis of this lawsuit.

12. Because Defendant did not pay all overtime premium compensation owed to its home health worker and/or home health support staff employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

13. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

C. **Defendant 1st Texas Home Health of San Angelo, Inc. d/b/a Angels Care Home Health of San Angelo**

14. Defendant is a domestic for-profit corporation.

15. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

16. Defendant's principal place of business is 2301 Highway 1187, Suite 203, Mansfield, Texas 76063.

17. Defendant maintains offices and/or business locations in numerous counties in Texas, including Abilene, Taylor County, Texas.

18. Defendant employs numerous home health workers and/or home health support staff in many counties in Texas.

19. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

20. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

21. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

22. For example, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer related equipment like printers, office equipment, office supplies, office furniture,

medical equipment, fuel, communication devices, and other supplies/materials used in connection with Defendant's home health business operations.

23. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

24. Defendant may be served with summons through its registered agent, Mr. Wesly C. Maness, 2301 Highway 1187, Suite 203, Mansfield, Texas 76063.

**D.** **Jurisdiction and Venue**

25. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

26. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

27. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

28. Venue is proper in the United States District Court for the Northern District of Texas because, as previously identified, a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district.

29. Venue is proper in the Abilene Division of the United States District Court for the Northern District of Texas because, as previously identified, a substantial part of the events giving rise to the claims in this lawsuit occurred in this Division.

### III. FACTUAL BACKGROUND

30. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

31. Defendant is engaged in home health business operations throughout numerous counties in Texas.

32. In connection with its home health business operations, Defendant employs numerous home health workers and/or home health support staff (*i.e.* Plaintiff and the putative collective action members). Those home health worker and/or home health support staff employees made the subject matter of this lawsuit are paid on an hourly basis.

33. Plaintiff and the other home health worker and/or home health support staff employees regularly worked in excess of 40 hours per workweek for Defendant.

34. While Defendant did, at times, pay Plaintiff and the other home health worker and/or home health support staff employees time and one-half their respective regular rates of pay for hours worked over 40 in relevant workweeks, it also has/had a practice and/or policy to also treat some hours worked over 40 in a workweek so-called comp time. Comp time hours are not/were not paid by Defendant. Instead, Defendant said Plaintiff and the other home health worker and/or home health support staff employees will/would receive time off generally corresponding to the number of unpaid hours worked over 40 in a workweek.

35. However, Defendant is not a governmental entity, and cannot provide comp time in lieu of monetary payment for overtime hours worked. Defendant's comp time practice and/or policy violates the FLSA as to Plaintiff and the putative collective action members because they are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek during the time period relevant to this lawsuit.

36. Additionally, Defendant has/had a practice and/or policy of deducting and/or having Plaintiff and the other home health worker and/or home health support staff employees

deduct time each workday for an uncompensated meal break even though Plaintiff and the putative collective action members regularly do not/did not receive a bona fide meal break which is/was non-compensable under the FLSA. Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members are/were performing work during the continuous workday when that time for non-bona fide meal breaks is not/was not paid. As Plaintiff and the putative collective action members regularly work/worked 40 or more hours per workweek, that non-bona fide meal break time deduction practice and/or policy results/resulted in Plaintiff and the putative collective action members not being paid all overtime wages owed pursuant to the FLSA during the time period relevant to this lawsuit.

## IV. CONTROLLING LEGAL RULES

37. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

38. Unless employed by a public agency which is a state, political subdivision of a state, or an interstate governmental agency, non-exempt employees must be paid in cash at a rate of time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. 29 U.S.C. § 207(o). Non-governmental employers cannot use "comp time" in lieu of monetary overtime pay for its non-exempt employees working overtime hours. *Id.* See also, *Pippins v. KPMG LLP*, 921 F. Supp. 2d 26, 55 (S.D.N.Y. 2012), *aff'd*, 759 F.3d 235 (2d Cir. 2014) ("[FLSA]e does not authorize the substitution of "comp time" for wages when non-exempt employees in the private sector work more than 40 hours per week.").

39. "Bona fide meal periods are not worktime." *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 264–65 (5th Cir. 1998). "To be classified as a bona fide meal period, 29 C.F.R. §

785.19 provides that an employee must be completely relieved from duty for the purpose of eating meals during that period." *Id. See also, Naylor v. Securiguard, Inc.*, 801 F.3d 501, 507 (5th Cir. 2015).

40. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

41. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a). Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

42. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1041-42 (5th Cir.2010)

43. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

44. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

## V. FLSA CLAIMS

45. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

46. All conditions precedent to this suit, if any, have been fulfilled.

47. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

48. At all relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

49. Plaintiff and putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

50. Plaintiff and the putative collective action members are/were paid an hourly rate of pay by Defendant.

51. At material times, Plaintiff and the putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

52. Defendant is/was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

53. Defendant is not a governmental employer, and cannot utilize the comp time provisions of 29 U.S.C. § 207(o) as to its non-exempt employees.

54. Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit due to the Comp Time Claims and the Non-Bona Fide Meal Deduction Claims made the subject matter of this lawsuit.

55. The putative collective action members are/were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

56. Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. For example, Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members were not being paid for all compensable time worked in workweeks of 40 hours or more due to its comp time and non-bona fide meal break time deduction practices and/or policies. Plaintiff and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

57. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI. FLSA COLLECTIVE ACTION

58. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

59. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and/or former hourly paid home health worker and/or home health support staff employees of Defendant, who, like Plaintiff, are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in

the time period of three years preceding the date this lawsuit was filed and forward due to Defendant's practices and/or policies relative to the Comp Time Claims and/or Non-Bona Fide Meal Deduction Claims made the basis of this lawsuit.

60. Because Defendant did not pay all overtime premium compensation owed to its home health worker and/or home health support staff employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

61. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

62. Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

63. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

64. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back overtime wages;

   c. Liquidated damages in an amount equal to back overtime wages;

   d. Legal fees;

   e. Costs;

  f. Post-judgment interest;

  g. All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: June 15, 2017.

                Respectfully submitted,

              By: s/ Allen R. Vaught
                Allen R. Vaught
                Attorney-In-Charge
                TX Bar No. 24004966
                MS Bar No. 101695
                Baron & Budd, P.C.
                3102 Oak Lawn Avenue, Suite 1100
                Dallas, Texas 75219
                (214) 521-3605 – Telephone
                (214) 520-1181 – Facsimile
                avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFF